IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sonoco Products Company,              ) | Civil Action No.: 4:12-cv-00790-RBH |
|                                       ) | |
|     Plaintiff,    ) | |
|                                       ) | |
| v.                                    ) | **ORDER** |
|                                       ) | |
| Levent Güven                          ) | |
|                                       ) | |
|     Defendant.    ) | |
| _____) | |

This matter is before the Court on the Motion to Remand [Doc. # 10] filed by Plaintiff Sonoco Products Company ("Sonoco"), and on the Motion to Amend the Notice of Removal [Doc. # 12] filed by Defendant Levent Güven ("Mr. Güven"). For the reasons stated below, Sonoco's Motion to Remand is denied, and Defendant's Motion to Amend is denied.

**Background**[1]

Sonoco, a South Carolina corporation, filed this breach of contract action against Mr. Güven on June 20, 2011, in the Darlington County Court of Common Pleas, State of South Carolina, under Civil Action No.: 2011-CP-16-0425. Sonoco alleges, in part, that Mr. Güven violated a non-compete provision in his employee contract. On March 19, 2012, Mr. Güven removed the matter to this Court on the basis of diversity jurisdiction. [*See* Not. Of Removal, Doc. # 2.] In his Notice of Removal, Mr. Güven stated that he "was and is a citizen and resident of Turkey, who has not maintained a physical presence or actual residence in the United States during the last 12 years." [*Id*. at ¶ 5.]

On March 30, 2012, Sonoco filed its Motion to Remand. [Mot. to Remand, Doc. # 10.] In support of its Motion to Remand, Sonoco argued that Mr. Güven is a Turkish National,

---

[1] Although immigration issues were mentioned in the parties' filings and at the August 19, 2012, evidentiary hearing, this is not an immigration case. In determining the jurisdictional issues of this case, the Court is not bound or controlled by immigration standards. Conversely, this Court is rendering no opinion on any immigration matters related to Mr. Güven.

lawfully admitted for permanent residence in the United States, with a domicile in South Carolina. [Memo in Support of Mot. to Remand, Doc. # 9, at 3–4.] Mr. Güven filed a Response, in which he admits that he is a Turkish National lawfully admitted for permanent residence in the United States. [*See* Response to Mot. To Remand, Doc. # 13, at 1.]  However, Mr. Güven argues that diversity jurisdiction is applicable here because he maintained a domicile in the State of Florida prior to, and up until, the filing of this action. [*Id*.] Further, in order to correct any ambiguity in his Notice of Removal, Mr. Güven also filed a Motion to Amend the Notice of Removal to clarify that he is lawfully admitted for permanent residence in the United States and is domiciled in Florida. [Mot. to Amend, Doc. # 12.]

On August 14, 2012, the Court held an evidentiary hearing to determine whether Mr. Güven was domiciled in South Carolina for purposes of 28 U.S.C. § 1332(a)(2) when he filed the Notice of Removal.

## I.      Motion to Remand

This Court will begin by discussing Sonoco's Motion to Remand, which this Court denies.

### A.      Legal Standard

A defendant bears the burden of establishing the existence of removal jurisdiction. *Mulachey v. Columbia Organic Chems*. Co., 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id*. (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). If federal jurisdiction is in doubt, remand to state court is necessary. *Id*. "In order for removal jurisdiction to exist, a federal court must have original jurisdiction." *Gressette v. Sunset Grille, Inc*., 447 F.Supp.2d 533, 535 (D.S.C. 2006). Thus, in considering whether to remand this action

to state court, the Court must determine whether it possesses subject matter jurisdiction over this case. *See* 28 U.S.C. § 1447(c).[2]

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State . . . ." 28 U.S.C. § 1332(a)(2).

Where, as here, "jurisdictional allegations are challenged, the [removing party] has the burden of proving, by a preponderance of the evidence, that diversity exists." *Schaefer v. Marion I. and Henry J. Knott Foundation, Inc*., No. 86-3622, 1987 WL 36777, at *1 (4th Cir. March 11, 1987). Further, diversity of citizenship is determined at the time an action is commenced. *Freeport-McMoRan, Inc. v. K N Energy, Inc*., 498 U.S. 426, 428 (1991). While the parties agree as to the amount in controversy component of diversity jurisdiction, Sonoco argues that Mr. Güven is domiciled in South Carolina, and thus there is no diversity jurisdiction in this case.

---

[2] There appears to be two different ways in which to analyze subject matter jurisdiction in the context of a motion to remand. First, it may be contended that a notice of removal simply fails to allege facts upon which subject matter jurisdiction can be based. *Kerns v. U.S.*, 585 F.3d 187, 192–193; *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Second, as here, a plaintiff may contend the jurisdictional allegations of the notice of removal were not true. *Kerns*, 585 F.3d at 192; *Adams*, 697 F.2d at 1219. A trial court may then hold an evidentiary hearing to determine if there are facts to support the jurisdictional allegations. *Id*. In the second situation, the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction. *Id*.; *see also O'Brien v. Lowe*, No. 94-2467, 1995 WL 610351, at *1 (4th Cir. Oct. 18, 1995) (holding that determination of the existence of diversity requires factual findings regarding the domicile of a party and should be addressed for the first time by the district court).

Domicile requires physical presence, coupled with an intent to make the state a home. *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). A court may consider several, non-exclusive factors in making a domicile determination: (1) current residence; (2) voting registration and voting practices; (3) location of personal and real property; (4) location of brokerage and bank accounts; (5) place of employment or business; (6) driver's license and automobile registration; (7) payment of taxes; and (8) location of family. *See Niell v. Salisbury School, Inc*., No. ELH–11–3627, 2012 WL 34021, at *4 (D. Md. Jan. 5, 2012); *Phillips v. Packard*, No. 3:07CV300, 2007 WL 2471532, at *2 (E.D. Va. Aug. 24, 2007); *Sanders v. Morris Communications Co., LLC*, No. 1:06-1694-RBH, 2006 WL 3139080, at *3 (D.S.C. Oct. 31, 2006); *Webb v. Nolan*, 361 F. Supp. 418, 421 (M.D.N.C. 1972), aff'd, 484 F.2d 1049, 1050 (4th Cir. 1973)*; see also McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006); *Garcia Perez v. Santaella*, 364 F.3d 348, 351 (1st Cir. 2004); 13B C. Wright et al ., *Federal Practice and Procedure* § 3612, at 530-31 (2d ed.1984 and Supp. 2007). An individual's statement regarding the issue "is not conclusive . . . and is to be accepted with considerable reserve." *Sanders, 2*006 WL 3139080 at *3 (quoting *Webb*, 361 F. Supp. at 421).

### B.     Discussion

As noted in their filings and by counsel at the evidentiary hearing, both parties agree that Mr. Güven is lawfully admitted for permanent residence in the United States. [*See* Memo in Support of Mot. to Remand, Doc. # 9, at 1–2; Response to Mot. To Remand, Doc. # 13, at 1.] It also undisputed that if Mr. Güven was domiciled in South Carolina at the time Sonoco filed this action, then diversity would not exist and this Court would lack subject matter jurisdiction. [*See id*.] Therefore, the primary issue here is whether Mr. Güven has proven, by a preponderance of the evidence, that he was not a South Carolina domiciliary on June 20,

2011. A preponderance of the evidence shows that Mr. Güven was not domiciled in South Carolina when this action was commenced.[3]

The evidence with respect to jurisdiction in this case shows that, at the time Sonoco filed this action on June 20, 2011, Mr. Güven was not domiciled in South Carolina.

Each of the non-exclusive factors used in determining domicile weigh in favor of finding that Mr. Güven was not domiciled in South Carolina during the relevant time period. There appears to be no dispute[4] that Mr. Güven currently resides outside South Carolina, has never been registered to vote in South Carolina, has never owned or rented any property in South Carolina, has never maintained a bank account in South Carolina, has never paid taxes to the State of South Carolina, and does not have family located in South Carolina. See *Niell,* 2012 WL 34021, at *4. Mr. Güven also has no South Carolina driver's license; in contrast, he maintains a current Florida driver's license which was issued prior to 2011. [*See* Güven License, Doc. # 13-1, at 11.] Further, by Sonoco's own admission, Mr. Güven has not had a South Carolina-based place of employment since his April 5, 2010, termination. [See Compl., Doc. # 1-1, at ¶¶ 7, 10, 31, 45, 47.]

---

[3]  Both parties have spent a considerable amount of time focusing on whether Mr. Güven was a Florida domiciliary at the time the action was filed. However, because the parties agree that Mr. Güven was lawfully admitted for permanent residence in the United States, diversity jurisdiction exists so long as Mr. Güven was *not* domiciled in South Carolina when the action was commenced. Thus, the primary question relevant to diversity jurisdiction is whether or not Mr. Güven was a South Carolina domiciliary. If he was not, then there is no diversity. Once Mr. Güven has been determined not to be a South Carolina domiciliary, it becomes unnecessary to further determine in which state he may be domiciled.

[4]  Mr. Güven testified to these issues at the August 14, 2012, evidentiary hearing. While this Court has ruled that "an individual's statement regarding the issue [of domicile] 'is not conclusive . . . and is to be accepted with considerable reserve'" *Sanders,* 2006 WL 3139080 at *3 (quoting *Webb*, 361 F. Supp. at 421), the Court finds that Mr. Güven's testimony on these issues was nonetheless credible. Further, Sonoco did not refute Mr. Güven's factual assertions on these points nor was any evidence offered that contradicted Mr. Güven's testimony on these issues.

In addition to the factors discussed above, the other evidence in this case further shows that Mr. Güven was not a South Carolina domiciliary.

The testimony at the hearing showed that Mr. Güven lived in New Jersey when he accepted the offer to work for Sonoco. As the subject of a foreign state, Mr. Güven annually received a letter from an accounting firm retained by Sonoco which detailed a hypothetical wage deduction for income tax purposes. Sonoco itself submitted a March 2010 accounting letter that calculated state income taxes as if Mr. Güven were a New Jersey resident, and not based upon any South Carolina residency. [*See* Pl.'s August 14, 2012, Hearing Ex. 4.]. Therefore, in the month immediately preceding his termination, Sonoco treated Mr. Güven as a New Jersey resident.

The only evidence possibly showing that Mr. Güven was ever a South Carolina resident is an application he made in February of 2010 to renew his re-entry permit. [I-131 Appl., Doc. #9-2.] In this application, Mr. Güven stated that he is a permanent resident of the United States and listed his address as One North Second Street, Hartsville, South Carolina. [*Id.*] Further, the cover letter for this application was on letterhead stating "Hartsville, South Carolina." [*Id.*] However, this single document fails to establish by a preponderance of the evidence that Mr. Güven was a South Carolina domiciliary.

One, the address listed on the re-entry permit is Sonoco's corporate headquarters, which according to undisputed testimony had absolutely no living quarters. [*See id.*] It is unreasonable to contend that Mr. Güven somehow resided at the corporate headquarters of his employer – a facility in which residence was not possible.

Two, even if this Court could accept that Mr. Güven lived at the Sonoco address in February 2010, any association with that address plainly ended when Sonoco terminated Mr. Güven's employment on April 5, 2010 - more than a year before this lawsuit was filed. This

is supported by the uncontroverted testimony of Mr. Güven that, with the exception of traveling to South Carolina for the hearing on the Motion to Remand, Mr. Güven has not been in South Carolina since his April 5, 2010, termination.

Three, based upon emails submitted by Mr. Güven, which were admitted at the hearing without objection by Sonoco, it appears that the re-entry permit was filled out by an immigration attorney whose fees were paid by Sonoco. [*See* Def.'s August 14, 2012, Hearing Ex. 5; Güven Emails, Doc. # 18-1.] It appears that the primary reason for using the Sonoco address on the re-entry permit was to enable Mr. Güven to procure a more expedient immigration interview in South Carolina. [*Id*.] In these emails, Mr. Güven also states he will be using his "Florida address" as his U.S. Address. [*Id*.]

In light of the above, the Court specifically finds that Mr. Güven has proven by a preponderance of the evidence that, as of the filing of this lawsuit, he was not domiciled in South Carolina as he did not have a physical presence in South Carolina coupled with an intent to make South Carolina his home. Because Mr. Güven was not a South Carolina domiciliary, the instant matter was properly removed as this Court has original jurisdiction where the amount in controversy exceeds $75,000 and is between a South Carolina corporation and a foreign citizen who is lawfully admitted for permanent residence in the United States but is domiciled outside that state. *See* 28 U.S.C. § 1332(a)(2).

## II.    Motion to Amend

Mr. Güven also filed a Motion to Amend the Notice of Removal to state that he is lawfully admitted for permanent residence in the United States and is domiciled in Florida. [Mot. to Amend, Doc. # 12.] Such an amendment would be futile in light of this Court's ruling on Sonoco's Motion to Remand.

### A. Legal Standard

A defendant is required to file a petition of removal within thirty days after service of the complaint. 28 U.S.C. § 1446. By leave of court, a defendant may amend a notice of removal to cure "[d]efective allegations of jurisdiction." 28 U.S.C. § 1653. Authorities agree that a defendant may freely amend within the thirty–day period. *See* 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3733 (4th ed.). However, in cases involving amendments proposed after expiration of the thirty–day period, among the district courts within the Fourth Circuit, there is a divergence of opinion as to the tension between the thirty–day limit set forth in 28 U.S.C. § 1446(b) and the permissive terms of 28 U.S.C. § 1653. *Compare Thompson v. Gillen*, 491 F.Supp. 24, 27 (E.D.Va.1980) (missing allegations about citizenship may not be supplied nor new allegations furnished after 28 U.S.C. § 1446(b)'s thirty–day time period has expired) *with FHC Options, Inc. v. Sec. Life Ins. Co.*, 993 F. Supp. 378 (E.D.Va.1998) (permitting amendment to replace imperfect allegation of state of incorporation).

While the Fourth Circuit has not issued a published opinion on point, it noted favoring a more liberal interpretation in at least one unpublished opinion. *See Nutter v. New Rents, Inc.*, No. 90–2493, 1991 WL 193490 at, *2 (4th Cir. Oct. 1, 1991) ("We . . . apply the majority rule that an amendment which merely perfects a technically defective jurisdictional allegation in a timely filed removal petition may be allowed after the thirty–day removal period."); *see also Kinney v. Columbia Savings & Loan Ass'n*, 191 U.S. 78, 83 (1903) (stating that amendment to show diversity of citizenship is proper where a removal petition contains "a technical defect and there are averments sufficient to show jurisdiction").

**B.     Discussion**

Here, there is no question that Mr. Güven is seeking to amend his Notice of Removal more than thirty days after the Summons and Complaint was served. Sonoco claims this is more than a mere technical defect because Mr. Güven is attempting to "allege completely contradictory facts . . . ." [Sonoco Reply, Doc. # 14, at 8–9.]  Mr. Güven, on the other hand, contends that any amendment would be technical because he continues to base removal on grounds of complete diversity of citizenship. [Güven Reply, Doc. # 18, at 5–6.]

The thrust of the Notice of Removal was to allege that diversity was proper because Mr. Güven was a resident of Turkey, while Sonoco was a resident of South Carolina. [Not. of Removal, Doc. # 1, at 1–4.] In his Answer, Mr. Güven also admitted that he held a United States Permanent Resident Card (informally known as a "green card"), and denied that he was a resident at the South Carolina address proffered by Sonoco. [Answer, Doc. # 7, at ¶¶ 4–6.] Although the Notice of Removal could be described as inartful,[5] and could be clarified, it is not defective such that it fails to allege proper jurisdiction. Further, Sonoco was still on notice that Mr. Güven was contending he was a foreign citizen lawfully admitted for permanent residence in the United States, and domiciled outside South Carolina. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir.2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554) (noting that the language in the removal statute is "deliberately parallel to the requirements for notice pleading in Rule 8(a) of the Federal Rules of Civil Procedure").

---

[5]  The Court notes that at the August 19, 2012, hearing, counsel for Mr. Güven explained that the claim that Mr. Güven was a Turkish resident who has not maintained *a physical presence in the United States during the last twelve years* was based on telephone conversations with Mr. Güven, and that there was sometimes a language barrier during these calls. Mr. Güven also testified that he did not recall specifically reading the Notice of Removal before it was filed. The Court accepts counsel's explanation that the Notice of Removal was never intended to disavow Mr. Güven's residency in the United States, and that Mr. Güven never intended to use the Notice of Removal to abandon his green card.

Because the current Notice of Removal adequately alleges diversity jurisdiction under 28 U.S.C. § 1332(a)(2), any amendment would be needless as there is no defective jurisdictional allegation to be cured, particularly in light of the fact that the proposed Amended Notice of Removal would still rely on 28 U.S.C. § 1332(a)(2) as the basis for diversity. In essence, even without this proposed amendment, the Court has diversity jurisdiction. Further, while the evidence shows that Mr. Güven was not a South Carolina domiciliary, it is also unclear as to whether Mr. Güven was a Florida domiciliary – and the primary reason Mr. Güven seeks to amend the Notice of Removal is to add Florida as his domicile. Given this uncertainty, coupled with the current Notice of Removal's sufficiency, the Court finds it unnecessary to permit Mr. Güven to amend the Notice of Removal outside the thirty-day window.

## Conclusion

Based on the foregoing, **IT IS ORDERED** that Plaintiff Sonoco Products Company's Motion to Remand [Doc. # 10] is **DENIED.**

It is **FURTHER ORDERED** that Defendant Levent Güven's Motion to Amend [Doc. # 12] is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
September 19, 2012  
.