IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sonoco Products Company,               ) | Civil Action No.: 4:12-cv-00790-RBH |
|                                        ) | |
|        Plaintiff,                      ) | |
|                                        ) | |
| v.                                     ) | **ORDER** |
|                                        ) | |
| Levent Güven                           ) | |
|                                        ) | |
|        Defendant.                      ) | |
| _____)  | |

This matter is before the Court on Defendant Levent Güven's ("Güven's") Motion to Dismiss for *Forum Non Conveniens* or, in the Alternative, to Stay. [Motion to Dismiss, Doc. # 37.] For the reasons stated below, Güven's Motion is denied.[1]

## Background

Plaintiff Sonoco Products Company ("Sonoco"), a South Carolina corporation headquartered in Hartsville, South Carolina, brought this lawsuit against Güven in June 2011 alleging (1) breach of the fiduciary duties of loyalty arising out of his employment relationship, (2) breach of a written contract, and (3) misappropriation of trade secrets. These claims stem from an employment agreement entered into between Sonoco and Güven ("Sonoco Agreement"). Sonoco contends that Güven, a Turkish national lawfully admitted for permanent residence in the United States, violated the Sonoco Agreement when he formed and operated Konfida Ambalaj Tekstil San. Ve Tic. Ltd. Sti. ("Konfida") using Sonoco's trade secrets to be a direct competitor with Sonoco Ambalaj Sanayi ve Ticaret A.S. ("Sonoco Turkey"). Sonoco Turkey is a wholly-owned subsidiary of Plaintiff.

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The issues have been briefed by the parties, and the Court believes a hearing is not necessary.

Approximately one year before Plaintiff filed this action, Güven brought an action in Turkey ("Tukish Action") against Sonoco Turkey. By Güven's own admission, the Turkish Action involves claims that Sonoco Turkey breached the terms of an agreement that he entered into with Sonoco Turkey ("Turkish Agreement"). [*See* Güven Mot. Doc. # 37-1, at 4.] Sonoco is not a party in the Turkish Action nor is it a party to the Turkish Agreement.[2]

On February 25, 2013, Güven filed the Motion to Dismiss at issue. Güven argues that Turkey provides an adequate alternative forum for resolving the issues in this case, and that the public and private interest factors weigh heavily in favor of dismissal Alternatively, Güven request that the Court stay this action indefinitely pending the resolution of the Turkish Action.

## **Standard of Review**

The doctrine of *forum non conveniens* has "continuing application in federal courts only in cases where the alternative forum is abroad . . . ." *Fidelity Bank PLC v. N. Fox Shipping N. V.*, 242 F. App'x 84, 90 (4th Cir. 2007). A federal court may dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *SAS*

---

[2] Güven appears to argue that the Turkish Agreement somehow displaces or supercedes the previously executed Sonoco Agreement. [*See* Güven Mot., Doc. # 37-1, at 4.] Sonoco rejects any such claim – characterizing the Turkish Agreement as a mere profit-sharing arrangement to which it was not a party. [*See* Sonoco Resp., Doc. # 46, at 1–2.] At this juncture, it is not for the Court to weigh the respective merits of the parties' underlying claims. *See Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 233 (4th Cir. 2008) (explaining that *forum non conveniens* is not a ruling on the merits); *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 93 n.1 (2d Cir. 2000) ("For purposes of this opinion relating to jurisdiction and *forum non conveniens*, we assume the truth of the allegations (while implying no views on the truth or falsity of the allegations).").

*Inst., Inc. v. World Programming Ltd.*, 11–1783, 2012 WL 503838, at *1 (4th Cir. Feb. 16, 2012) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007)).

The determination of whether dismissal based on *forum non conveniens* is appropriate requires a two-step analysis. First, it must be determined whether an alternative forum is adequate and available. *DiFederico v. Marriott Intern., Inc.*, 714 F.3d 796, 800 (4th Cir. 2013); *see also In re Compania Naviera Joanna S.A.*, 531 F. Supp. 2d 680, 684 (D.S.C. 2007) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). Second, if an alternative forum is available, "the court must apply various factors to determine whether the private litigants' interests and the public interest require dismissal." *Id.*

"A party seeking dismissal on grounds of *forum non conveniens* 'ordinarily bears a heavy burden in opposing the plaintiff's chosen forum.' " *SAS Institute, Inc.*, 2012 WL 503838, at *1 (quoting *Sinochem*, 549 U.S. at 430). "The moving party bears the burden not only of showing that an adequate alternate forum exists, but also that the balance of private and public interest factors favors dismissal." *Id.* (internal citations and quotation marks omitted).

For an alternative forum to exist, the forum must be available and adequate. *See Fidelity Bank PLC*, 242 F. App'x at 90. The availability requirement is generally "satisfied when the defendant is 'amenable to process' in the [foreign] jurisdiction." *Id.* (quoting *Piper Aircraft*, 454 U.S. at 254 n.22). A foreign forum is adequate when " '(1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.' " *Id.* (citing *Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 424 (1st Cir. 1991)) (internal citations omitted).

Provided that an alternative forum does exist, a court must determine whether public and private interests necessitate dismissal in the current forum. The Fourth Circuit has

3

explained that "[t]he private interest factors focus on the litigants and include the consideration of the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Id.* at 90 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6). In contrast, "[t]he public interest factors include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.' " *Id.* (quoting *Piper Aircraft*, 454 U.S. at 241 n.6).

## **Discussion**

Güven has failed to meet his "heavy burden" in opposing Sonoco's choice of its home forum. *See Galustian v. Peter*, 591 F.3d 724, 731 (4th Cir. 2010) ("[T]he defendant has the burden to 'provide enough information to the District Court' to demonstrate that the alternative forum is both available and adequate." (quoting *Piper Aircraft*, 454 U.S. at 258)).

First, there is considerable doubt whether a Turkish court would provide an available and adequate alternative forum for the issues in this case. Sonoco was not included as a party to the Turkish Action, which was initiated by Güven.[3] There is a question as to whether the

---

[3] In his briefs, Güven seemingly conflates Sonoco and Sonoco Turkey. However, he does not challenge Sonoco's assertion that Sonoco Turkey is a wholly-owned subsidiary. This makes Sonoco and Sonoco Turkey distinct corporate entities. *See, e.g., Kreisler v. Goldberg*, 478 F.3d 209, 214 (4th Cir. 2007) (holding that it is a fundamental precept of corporate law that each corporation is a separate legal entity with its own debts and assets, even when such corporation is an affiliate or a subsidiary wholly owned by another corporate entity).

4

Turkish Action would afford Sonoco all remedies it might receive in an American court. For example, the Sonoco Agreement was allegedly breached sometime in 2010. However, there is some dispute as to whether Sonoco's claims would be barred by Turkey's statute of limitations. *See Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 425 (1st Cir. 1991) (explaining that the authority provided to the court indicated that "Turkey has a one-year statute of limitations that would bar [breach of contract claims] sought to be pursued in the present action"). While Güven claims the statute of limitations on the claim at issue is actually ten years in Turkey, the only authority he offers on this point is an affidavit from his own attorney in the Turkish Action. [*See* Güven Reply, Doc. # 51, at 6 (relying on affidavit of attorney to argue that the statute of limitations is ten years)]. Güven does not provide any other authority for this proposition, and interestingly nowhere does he agree to waive any statute of limitations argument in Turkey.[4] *See Galustian*, 591 F.3d at 732 ("To carry his burden to show that Iraq was an available alternative forum, [the defendant] introduced an affidavit from . . . an expert on the law of Iraq. . . . [The] affidavits fell short of showing the availability of a . . . remedy, especially in the case where serious questions arise as to whether a British citizen can bring suit in an Iraqi court."). Because the Turkish Action concerns the Turkish Agreement and not the 2010 breach of the Sonoco Agreement, it is therefore questionable whether the latter could be effectively litigated given the possible expiration of the statute of limitations in Turkey.

Second, even assuming the Turkish courts constitute an available and adequate alternative forum, Güven has failed to prove that the private and public interests weigh in favor of dismissing the case. As to the private interest factors, as Sonoco points out, much of its

---

[4] Güven in fact leaves the door ajar for invoking a limitations-based defense in the Turkish Action. In his Reply, he states that "[a]lthough a forum may be considered unavailable if the statute of limitations has run on the cause of action in that alternative forum, the forum will still be considered available if the 'unavailability' is a product of the plaintiff's own conduct." [Güven Reply, Doc. # 51, at 5.]

5

sources of proof are located in the United States or otherwise outside of Turkey. Güven himself acknowledges that "the sources of proof Sonoco intends to use may be mostly found in South Carolina or are employees of Sonoco whom Sonoco would pay to travel to South Carolina . . . ." [Güven Reply, Doc. # 51, at 9.] Further, documents regarding the suit would be located in both places, and those documents could be inexpensively transported via electronic means. *See Calavo Growers of Calif. v. Belgium*, 632 F.2d 963, 969 (2d Cir. 1980) (Newman, J., concurring) ("[I]t will often be quicker and less expensive to transfer a witness or a document than to transfer a lawsuit.") Güven's contention that the documents would be in Turkish and require translation is similarly unavailing, as several documents will also be in English and would require similar translation in the Turkish Action.

The witnesses are also scattered throughout Turkey, the United States, and elsewhere. At best, this constitutes a draw and Güven cannot show this factor tilts in his favor. Similarly, while Güven focuses heavily on the fact that the alleged breach occurred in Turkey when he formed Konfida, the central allegations are also that Güven breached a South Carolina contract and has been using trade secrets developed in South Carolina. While an inspection of the Konfida facility in Turkey may be required down the road, such a possible inspection does not mitigate against Güven's failure to show that the weight of the factors balance in his favor.

Güven lastly points to practical problems in the current lawsuit that rise from the involvement of a Turkish entity. That this is a lawsuit between parties from different countries indeed creates a number of logistical problems that will be encountered by either an American or Turkish court. The Court also reiterates that Sonoco is not a party to the Turkish Action and the Sonoco Agreement is not the underlying agreement in that action. On the other hand, Sonoco and Güven are parties properly before this Court, where the Sonoco Agreement remains a central issue.

The public factors applicable to this case further bolster denying Güven's Motion to Dismiss. Certainly, a South Carolina court has a greater interest interpreting the Sonoco Agreement than does a Turkish court. This is not to say that Turkey has no interest in a dispute involving a Turkish company, but this interest is outweighed for the reasons discussed herein. The Court is also mindful that Sonoco Turkey and the principals of Konfida are having their day in a Turkish court regarding agreements entered into in that country. This suit is instead focused on a supposedly breached contract written in English, formed within the United States, and requiring by its own terms the application of South Carolina law. [*See* Employment Agreement, Doc. #46-1, at 8.]

This Court is also more familiar with the South Carolina law that must govern this action. It would be burdensome for a Turkish court, which by Güven's own acknowledgment is not a common law court, to interpret a U.S.-based agreement governed by South Carolina law. This is plainly evidenced by Güven's own argument: "The [Turkish] court would likely appoint an expert witness or panel of experts to give opinions as to the interpretation and application of South Carolina law, or it would allow the parties to submit legal opinions from experts as to the interpretation in question." [Güven Reply, Doc. # 51, at 14.]

Thus, concluding Güven has failed to carry his heavy burden of proving that *forum non conveniens* requires dismissal of Sonoco's claims in the case, this Court must deny Güven's Motion to Dismiss. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 873–74 (6th Cir. 2006) ("[T]he standard of deference for a U.S. plaintiff's choice of a home forum permits dismissal only when the defendant 'establish[es] such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent.' ") (quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).

Alternatively, Güven requests that this case be "stayed indefinitely pending the resolution of previously filed litigation in Turkey." [Güven Mot., Doc. # 37-1, at 14.] Sonoco requests a denial of the Motion to Dismiss and has filed nothing indicating it consents to a request for a stay. As a general rule, the power to stay litigation proceedings rests largely within the sound discretion of the district court. *See Am. Recovery Corp. v. Computerized Thermal Imaging, Inc*., 96 F.3d 88, 97 (4th Cir. 1996). Given that Sonoco is not a party to the action in Turkey, that the Sonoco Agreement is not the underlying agreement in the Turkish Action, and that Sonoco does not consent to a stay of these proceedings, the Court declines to stay this matter. This Court would be willing to reconsider a stay in the event all parties consented to such a request.

## Conclusion

Based on the foregoing, **IT IS ORDERED** that Güven's Motion to Dismiss for *Forum Non Conveniens* or, in the Alternative, to Stay [Doc. # 37] is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 6, 2013

8