UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sonoco Products Company, | ) | C/A No. 4:12-790-BHH |
| Plaintiff, | ) ) | |
| | ) ) | |
| v. | ) ) | |
| Levent Guven, | ) ) | |
| Defendant. | ) ) ) ) | ORDER |

This matter comes before the court on the Motion to Reconsider filed by Defendant Levent Guven ("Guven" or "Defendant") pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. ECF No. 86. Specifically, Guven seeks reconsideration of the court's June 18, 2014 Order, ECF No. 80, which partially granted Plaintiff's Motion to Compel and required Guven to produce additional documents and provide more detailed responses to some of Plaintiff's discovery requests. Plaintiff opposes the Motion. ECF No. 91.

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the court will treat this motion as a Rule 54(b) motion to revise its order. Fed. R. Civ. P. 54(b). *See Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514-15 (4th Cir. 2003) (noting Rule 54 gives district courts power to reconsider and modify interlocutory orders). Although the Fourth Circuit Court of Appeals has offered little guidance on the evaluation standard for Rule 54 motions, it has held that motions under Rule 54(b) are "not subject to the restrictive standards" of motions under Rule 60. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (finding it "unnecessary to thoroughly express [its] views on the interplay of Rules 60, 59, and 54"). District courts in the Fourth Circuit often look to the standards of motions under Rule 59 for guidance.

*See, e.g., Long v. O'Reilly's Auto. Stores, Inc.*, CIV. A. 6:12-901-MGL, 2014 WL 2864589 (D.S.C. June 23, 2014); *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, C/A No. 4:02–4184–RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006). As such, courts look to the following as appropriate reasons for granting reconsideration under Rule 54: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *See Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM–08–409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an interlocutory order.") (citing *Am. Canoe*, 326 F.3d at 514). "In the context of a motion for reconsideration, a 'manifest injustice' is defined as an error by the court that is direct, obvious, and observable." *Register v. Cameron & Barkley Co.*, 481 F. Supp. 2d 479, 480, n.1 (D.S.C. 2007) (internal quotations and citation omitted). As a result, such motions are neither an opportunity "to make arguments that could have been made before the judgment was entered," *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002), nor a chance to rehash issues already ruled upon because a party disagrees with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Here, Guven cites to the three-part test set out above and concedes he is not presenting new evidence or an intervening change in controlling law. Def.'s Mem. 3 & n.3, ECF No. 86-1. Rather, he proceeds solely on the "manifest-injustice" ground, arguing that compliance with the court's June 18, 2014 Order compelling production of information and documents concerning Konfida—a corporation of which he is one of two principals—could subject him to civil and criminal penalties in Turkey. *Id.* at 3-4. In support of the Motion, Guven proffers an additional declaration from his Turkish counsel in which counsel again opines Guven cannot provide the information sought in discovery without being subject to consequences in Turkey. Decl. of Bige Goksel, ECF No. 86-2; *cf.* Initial Decl. of Bige Goksel submitted in opposition to Pl.'s Mot. Compel, ECF No. 76. However, although counsel cites to

several additional sections of the Turkish Commercial Code (the "TCC") and the Turkish Criminal Code, the declaration includes no information that convinces the court it should reconsider its prior decision. Further, Defendant has not provided copies of the Turkish code sections on which he relies. In addition, neither the declaration nor Guven's memorandum acknowledges the Confidentiality Order in place in this litigation. Guven's request that the court reconsider the portion of its Order striking certain objections to discovery made by Guven is also unavailing.

The court finds Guven has not demonstrated manifest injustice sufficient to convince the court to change its ruling, nor has he otherwise demonstrated entitlement to relief from or amendment of the June 18, 2014 Order. Defendant's Motion to Reconsider, ECF No. 86, is *denied*. For these reasons and based on the detailed analysis set forth in the court's original order of June 18, 2014, ECF No. 80, Defendant is to comply with the particulars of the June 18, 2014 Order no later than **September 8, 2014**.

IT IS SO ORDERED.

August 19, 2014                                         Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

3