IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sonoco Products Company, | C.A. No. 4:12-cv-00790-BHH |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Levent Güven, | |
| Defendant. | |

This matter is before the Court on the plaintiff's Renewed Motion for Sanctions (ECF No. 100) for the defendant's failure to comply with the Court's Orders dated June 18, 2014 (ECF No. 80) and August 19, 2014 (ECF No. 93) compelling the defendant, Levent Güven ("Güven") to produce discovery of certain documents and information. The plaintiff Sonoco Products Company ("Sonoco") seeks as sanctions an order striking Güven's Answer and awarding Sonoco a default judgment. Sonoco also seeks an award of costs and attorney's fees incurred in pursuing these sanctions. A hearing on Sonoco's Motion was held on October 20, 2014, with counsel for both parties present. At the hearing, counsel for Güven ("Defense Counsel") renewed his Motion to Withdraw as counsel (ECF No. 98), which was previously denied by text order dated September 16, 2014 (ECF No. 102).

After carefully considering the record, arguments of counsel, and the relevant case law, for the reasons set forth below, the Court finds that the Güven has failed to obey orders to provide discovery and that the just and appropriate sanction given the circumstances is to strike his Answer and hold him in default. Further, Güven shall pay Sonoco its reasonable attorney's fees and expenses incurred as a result of his failure to comply with the Court's discovery orders. A hearing will be held to determine the amount of damages sustained and recoverable by Sonoco. Pursuant to the Court's instruction at the October 20, 2014 hearing, Sonoco has submitted its affidavit regarding the amount of attorney's fees and expenses incurred in pursuing

1

these sanctions (ECF No. 122). Sonoco shall mail Güven a copy of this Order and counsel's fee affidavit, and Güven has thirty (30) days from the date of this Order to submit written objections to the amount of fees requested. Alternatively, Güven may present any objections to the amount of attorney's fees and expenses at the damages hearing on Sonoco's default judgment. The Court will address the amount of attorney's fees and expenses to be awarded at or after the damages hearing.

In addition, the Court grants Defense Counsel's Motion to Withdraw as set forth below.

## **BACKGROUND**

Sonoco filed this lawsuit in the Darlington County Court of Common Pleas on June 20, 2011, asserting claims against Güven, a former employee of Sonoco, for breach of an employment agreement with Sonoco, misappropriation of trade secrets, and breach of the duty of loyalty. Sonoco claims that Güven formed a competing business, Konfida Ambalaj Tekstil San. Ve Tic. Ltd. Sti ("Konfida"), while he was still employed by Sonoco, and that he used trade secrets and confidential information of Sonoco in the newly formed business. Güven, a Turkish national and permanent resident of the United States, was served on February 17, 2012, and he removed the case to this Court on March 19, 2012.

Sonoco served Güven with interrogatories and requests for production of documents on December 3, 2012. Several of Sonoco's discovery requests sought information about Konfida that has primary relevance to the case. This includes information about Konfida's vendors and suppliers, as well as information regarding Konfida's sales and revenues. Güven initially responded that available Konfida related documents could be reviewed at Konfida's offices. However, this option was subsequently withdrawn and Güven refused to produce Konfida related documents and information.

Sonoco filed a Motion to Compel Discovery Responses on March 13, 2014, seeking to

remedy Güven's continued failure to provide sufficient discovery on the topics of primary relevance. Güven opposed the Motion to Compel, arguing, among other things, that he should not have to produce Konfida related information and documents. The Motion to Compel was referred to Magistrate Judge Kaymani West (ECF No. 74). On June 18, 2014, Judge West issued a 32-page order ("the June 18 Order") compelling Güven to provide "full and complete responses" to Interrogatory number 6 and revised Interrogatory numbers 3, 12, and 13, and to fully respond to Plaintiff's Request for Production numbers 9-16, 18, 30, 31, 34, 36, 38, 40, and 43, "no later than July 18, 2014" (ECF No. 80). With respect to the interrogatories, the June 18 Order required Güven "to access Konfida information and documents to aid him in providing a complete response."

On July 16, 2014, Güven filed a Motion for Reconsideration of the June 18 Order (ECF No. 86). Güven conceded that the Motion for Reconsideration was not based on new evidence or an intervening change in controlling law, but rather reasserted his arguments as to potential civil or criminal liability in Turkey if he produces the discovery as ordered. On July 18, 2014, Güven served Answers to Plaintiff's Revised Interrogatories & Supplemental Answer to Interrogatory Number 6. However, Güven did not produce any of the documents required by the June 18 Order, and his answers stated that the information is provided only "from his memory and understanding," rather than accessing Konfida information and documents to aid him in providing a complete response.

On August 14, 2014, Sonoco filed a Motion for Sanctions (ECF No. 92) seeking to have this Court strike Güven's Answer and enter a default judgment in favor of Sonoco based on Güven's failure to comply with the Court's June 18, 2014 Order. The next day, Güven filed a Motion for Protective Order (ECF No. 93) requesting that the Court postpone the deadline to provide the discovery until "the twentieth day after the entry of an order disposing of the

outstanding motion for reconsideration." On August 19, 2014, Judge West issued an Order (the "August 19 Order") denying Güven's Motion for Reconsideration and requiring Güven to provide the compelled discovery no later than September 8, 2014, which effectively granted Güven the twenty-day extension he sought in his Motion for Protective Order.

On August 21, 2014, the Court entered a text order denying Sonoco's outstanding Motion for Sanctions, and mooting Güven's outstanding Motion for a Protective Order (ECF No. 96). Specifically, the text order stated that

> The Court has reviewed Plaintiff's motion for sanctions, ECF No. 92, and finds that sanctions are not warranted at this time. Should Defendant fail to comply with the requirements of the Magistrate Judge's order granting Plaintiff's motion to compel by the September 8, 2014, deadline set forth in the Magistrate Judge's order denying Defendant's motion to reconsider, Plaintiff may renew the motion for sanctions.

On the afternoon of Friday, September 5, 2014, Defense Counsel, with the apparent consent of Güven, filed a Motion to Withdraw as Counsel (ECF No. 98) on the basis of non-payment. The Motion also sought an open-ended extension of the deadline to provide discovery. The Motion, however, affirmatively stated that Güven "cannot produce Konfida documents as ordered by the Court for fear of damage to his relationship with his business partner and create potential liability in Turkey." It also stated that Güven "is unable to comply with the Court's Order on June 18, 2014, compelling discovery of Konfida documents by July 18, 2014 [ ], reconsideration of which was denied by Court Order on August 19, 2014 [ ], for fear of additional liability in Turkey." Sonoco opposed the Motion to Withdraw as Counsel until such time as Sonoco's Renewed Motion for Sanctions is fully briefed and ruled upon. This Court denied Defense Counsel's Motion to Withdraw as Counsel (ECF No. 102).

Güven did not produce the required discovery by the September 8, 2014 deadline imposed by the August 19 Order. Sonoco filed its Renewed Motion for Sanctions on September

4

11, 2014. As of the October 20, 2014 hearing, 43 days had passed since the September 8, 2014 deadline for producing discovery, and Güven had failed to obey the June 18 and August 19 Orders. Güven still had not produced Konfida related documents and information as ordered in the June 18 Order.

## DISCUSSION

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that the Court can issue such orders as are just where a party fails to obey an order to provide discovery. The Rule sets forth a non-exclusive list of remedies a court may issue:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Thus, Sonoco's Renewed Motion for Sanctions presents the Court with two main issues:

1. Has Güven failed to comply with the June 18 and August 19 Orders compelling Güven to produce discovery?

2. If so, what is the appropriate sanction for Güven's disobedience?

### I. **Has Güven Failed to Comply with the June 18 and August 19 Orders?**

#### A. Güven's Failure to Obey the June 18 and August 19 Orders.

Güven does not dispute that he has not produced any of the documents ordered to be produced, and he has refused to use Konfida information or documents to aid him in responding to the interrogatories as required by the June 18 Order. Güven has made it clear that he will not

5

produce the documents and information as ordered. Defense Counsel has represented in briefs and at the hearing that Güven will not produce the documents and information. Güven clearly has failed to obey the June 18 and August 19 Orders to provide discovery.

### B. Güven's Alleged Excuses for Non-Compliance.

Güven offers several explanations for his failure to produce the discovery as ordered. However, his explanations do not provide a legally valid reason for his refusal to comply with the clear requirements of the June 18 and August 19 Orders. Parties in litigation must promptly comply with orders of the court, even if the party believes that order to be incorrect. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("all orders and judgments of court must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, to comply promptly with the order pending appeal."). As the Fourth Circuit has stated, "[t]he judicial system's need for order and finality requires that orders of courts having jurisdiction to enter them be obeyed until reversed, even if proper grounds exist to challenge them." *Spartan Mills v. Bank of Am. Ill.*, 112 F.3d 1251, 1255 (4th Cir. 1997);

#### 1. Alleged Consequences in Turkey.

Güven's principal argument is that he cannot produce the discovery as ordered because he may face potential criminal or civil liability in Turkey if he produces the discovery. Güven raised this argument in opposition to Sonoco's Motion to Compel and then again in Güven's Motion for Reconsideration. Güven's argument was carefully considered and rejected by the Magistrate Judge in ruling on both Motions.

The Court agrees with the Magistrate Judge's ruling that Güven has not satisfied the burden of demonstrating the Turkish law on which he relies prevents him from providing the information and producing the documents requested by Plaintiff. *See Strauss v. Credit Lyonnais,*

6

*S.A.,* 242 F.R.D. 199, 207 (E.D.N.Y. 2007) ("Once a discovery motion is made, the objecting party faces a higher burden 'of demonstrating that such law *actually bars* the production or testimony at issue.'") (quoting *Alfadda v. Fenn*, 149 F.R.D. 28, 34 (S.D.N.Y. 1993)).  Moreover, Güven's argument ignores the Confidentiality Order (ECF No. 33) in place in this litigation that would prevent the use of any documents or information designated confidential from being used or disclosed for any purpose other than the litigation.[1]  Given the protections provided by the Confidentiality Order, this Court is not convinced that Güven's production of the documents and information in compliance with the June 18 Order would constitute a violation of the Turkish Commercial Code or Turkish Criminal Code referenced by Güven.

"[A] general fear of criminal prosecution, particularly after a court has rejected that as a basis to abstain from discovery, is not sufficient to free a party from [his] obligations." *AngioDynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 283, 292 (D. Mass. 2014) (awarding a default judgment as sanction); *Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 196-97 (E.D.N.Y. 2010) (awarding sanctions despite the defendant's argument that it feared criminal prosecution under bank secrecy laws if it turned over documents and noting "[t]his court has already rejected defendant's rationale for withholding the documents," and therefore "significant sanctions are both 'just' and 'commensurate' with defendant's non-compliance.").  This Court does not claim expertise on matters of Turkish law, but the Court has reviewed the Reports issued by the Magistrate Judge in this case and agrees with the Magistrate that Güven's fear of criminal liability is speculative and is insufficient to excuse his failure to comply with the orders of this Court.

---

[1] In fact, the Confidentiality Order in place in this litigation provides greater protection than this Court's standard confidentiality order, which is available as a form on the Court's website, since the Confidentiality Order entered here provides for the heightened designation of documents or information as "Confidential/Attorneys' Eyes Only," which limits disclosure only to the requesting party's attorneys and prohibits such documents from even being shared with the requesting party itself (ECF No. 33 at ¶6).

In his Memorandum in Opposition to Plaintiff's Renewed Motion for Sanctions, Güven also referenced ongoing litigation in Turkey between Güven and Sonoco Ambalaj San. Ve Tic. Ltd. Sti., a wholly owned subsidiary of Sonoco. This Court has already decided in its Order dated August 6, 2013 (ECF No. 52) that the Turkish litigation is distinct from this case and based on entirely separate agreements. The pendency of the Turkish litigation does not excuse Güven from complying with the June 18 and August 19 Orders.

### 2.     Alleged Financial Burden.

Güven's Memorandum in Opposition further asserts that Güven "is unable to maintain financially the two-front war with which Sonoco and [Sonoco Ambalaj San. Ve Tic. Ltd. Sti.] have confronted him." To the extent Güven is asserting an alleged financial burden as an excuse for non-compliance, such excuse is not valid. Güven has not provided this Court with any meaningful evidence regarding his alleged financial status or the cost of complying with the June 18 and August 19 Orders.[2] Accordingly, Güven has not made the requisite evidentiary showing of undue burden as to compliance with the June 18 and August 19 Orders, particularly given the high relevancy of the requested information. *See Consol. Coal Co. v. Williams*, 453 F.3d 609, 620-21 (4th Cir. 2006) (affirming grant of motion to compel where the party "has failed to offer anything more than conclusory assertions regarding the potentially burdensome aspect of the

---

[2] Attached to Defendant's Memorandum in Opposition to Sonoco's Renewed Motion for Sanctions is an unsworn letter dated September 22, 2014 from Defendant addressed to this Court (ECF No. 105-4). This unsworn and unauthenticated letter is not competent evidence and need not be considered by this Court. *See* Fed. R. Civ. P. 43(c); *see also Flowers v. Abex Corp.*, 580 F. Supp. 1230, 1233 n. 2 (N. D. Ill. 1984) (noting that the court "has disregarded the unsworn 'affidavits' of [the plaintiff's] co-workers" since "[m]erely notarizing the signature does not transform a letter into an affidavit; nor do the letters conform to the requirements of 28 U.S.C. § 1746."). However, even considering the letter, the letter asserts facts that have limited relevance to the present motion for sanctions. Defendant's letter contains a general statement that Defendant's "resources are limited" and he is unable to afford the litigation, which is insufficient to show undue burden. Finally, the Court notes that "Sonoco contests the veracity of nearly every detail of Defendant's unsworn letter" and Sonoco claims the letter "is riddled with gross inaccuracies and mischaracterizations of the facts." (ECF No. 107 at 8, 12). Given the limited record, the Court is compelled to rule for Sonoco.

discovery requests"); *Cliffstar Corp. v. Sunsweet Growers, Inc.*, 218 F.R.D. 65, 69 (W.D.N.Y. 2003) ("[F]or a burdensomeness objection to be sustained, a motion to compel on this ground must be opposed by an affidavit of a person with knowledge of the record keeping system with the requested party explaining in reasonable detail the factual basis for such an objection.").

### 3. Güven's Arguments on the Merits.

In his filings with the Court and in Defense Counsel's argument at the October 20 hearing, Güven has asserted arguments going to the merits of Sonoco's claims and that this lawsuit is a defensible case. The Court cannot fairly consider the merits at this stage of the litigation. Sonoco's Complaint alleges a viable claim against Güven under South Carolina law. Arguments going to the ultimate merits of Sonoco's claims do not excuse Güven from producing relevant discovery or complying with the June 18 and August 19 Orders. *See, e.g., Branch Bank & Trust Co. v. Lanier*, 2014 U.S. Dist. LEXIS 2618, at *2 (D.S.C. Jan. 9, 2014) ("The purpose of discovery is to allow a broad search for facts . . . or any other matters that might aid a party in the preparation or presentation of its case."). A party cannot use his position on the merits of the underlying dispute to avoid discovery obligations since the purpose of discovery is to investigate the merits. *See id.; see also* Fed. R. Civ. P. 26 adv. comm. notes, 1983 Amendment ("The purpose of discovery is to provide a mechanism for making relevant information available to the litigants."). If a party could avoid discovery based on his or his attorney's subjective views on the merits of the opposing party's position, the discovery mechanisms available in the Federal Rules of Civil Procedure would be rendered meaningless.

## II. The Appropriate Sanction.

### A. Striking Güven's Answer and Holding Güven in Default.

As set forth above, Rule 37(b)(2)(A) specifically includes striking a party's pleadings and rendering a default judgment as a potential sanction against a disobedient party for failing to

9

obey an order to provide discovery.  The Fourth Circuit has applied a four part test for determining whether default judgment is an appropriate sanction: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary . . . (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions."  *Young Again Prods. v. Acord*, 459 Fed. Appx. 294, 301 (4th Cir. 2011) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989)). The Fourth Circuit has held that a warning that a default judgment may be entered is not required.  *See id.*  (citing *Link v. Wabash R.R.*, 370 U.S. 626, 632 (1962)).

As discussed above, it has been more than 45 days since the September 8 deadline for Güven to produce the required discovery.  Güven has not complied with the June 18 and August 19 Orders.  Güven and his counsel have indicated in filings with this Court that he will not comply with the June 18 and August 19 Orders regarding discovery.  A number of cases support the proposition that this Court is justified in awarding a default judgment where, as in this case, the disobedient party failed to comply with a discovery order and indicated he has no intention of complying with the Court's Orders.  *See, e.g., Mya Saray, LLC v. Al-Amir, Inc.*, 831 F. Supp. 2d 922, 934 (E.D. Va. 2011) ("Entry of default suits the particular sort of noncompliance at issue here because the defendants have simply refused to obey the Court's orders, and indicate no intention to comply further.  Drastic measures are necessary."); *Balmer v. Title Guar. of Haw., Inc.*, 2006 WL 1537372, at *4, 2006 U.S. Dist. LEXIS 34980, at *10 (D. Hawaii May 24, 2006) ("[The plaintiff] knowingly and intentionally violated the court's order and stated that he has no intention of complying in the future.  This leaves only one just result -- dismissal of the action."); *Phipps v. Blakeney*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court <u>orders</u> on discovery and tells the court that he will not comply in the future, a district judge has the

authority to deny that plaintiff further access to the court to pursue the case. . . . we will impose no additional burden to discuss lesser sanctions on the district judge."); *Chamblee v. Chamblee*, 2009 U.S. Dist. LEXIS 109619, at \*\*4-5 (N.D. Miss. Nov. 24, 2009) ("It appears from the conduct of [the defendant] . . . that he does not intend to comply with the orders of the court and that he has abandoned the defense of this action. Any further delay in entry of judgment serves only to further prejudice the plaintiff . . . "); *Doe v. Am. Airlines*, 283 Fed. Appx. 289, 292 (5th Cir. 2008) (affirming dismissal of plaintiff's claims where "a less dramatic sanction would not achieve the desired deterrent effect because [plaintiff] has indicated she has no intention of complying with the discovery order in question."); *Marcelle v. Am. Nat'l Delivery, Inc.*, 2010 WL 1655537, at \*5, 2010 U.S. Dist. LEXIS 40248, at \*20 (M.D. Fla. April 23, 2010) ("The Court will not engage in the 'vain gesture' of again imposing a lesser sanction when it is evident from the record that Defendant has abandoned its defense and has no intention of ever complying with its discovery obligations."); *Clewis v. Medco Health Solutions, Inc.*, 2014 WL 840026, at \*6, 2014 U.S. Dist. LEXIS 27027, \*16 (N.D. Tex. March 4, 2014) (dismissing plaintiff's action since less drastic sanctions would be futile where the plaintiff's "conduct establish[es] that she has no intention of complying with this court's previously issued discovery orders."); *White v. UPS*, 2013 U.S. Dist. LEXIS 106301, \*5 (E.D. Mo. July 30, 2013) (dismissing the plaintiff's action with prejudice because the plaintiff "makes plain that she does not intend to comply with the Court's Orders because she is unhappy the case was removed from state court" and therefore "no action by Defendant or by the Court appears to be sufficient to induce compliance from Plaintiff."); *see also Crump v. Savannah Highway Auto. Co.*, C/A No. 2:11–1567–DCN–BM, 2012 WL 2072762, 2012 U.S. Dist. LEXIS 80112, at \*7 (D.S.C. March 12, 2012) ("it does not appear that a sanction less severe than dismissal would be either effective or appropriate, because Plaintiff has already shown that she will not comply with instructions or requirements placed

upon her despite orders from the Court to do so.").

Further, consideration of the four factors set forth by the Fourth Circuit in *Young Again Products* demonstrates that the sanction of striking Güven's Answer and granting Plaintiff a default judgment is appropriate here.

### 1. Güven's Bad Faith.

As set forth above, Güven is flatly refusing to comply with the June 18 and August 19 Orders and has made it clear he has no intention of ever complying with those Orders. The Court has already considered and rejected the arguments Güven makes for withholding the discovery. It has been over 45 days since the September 8, 2014 deadline and Güven has not produced the discovery he was ordered to produce, which is sufficient to demonstrate bad faith. *See Jones v. Wal-Mart*, C.A. No. 8:10-cv-988-JMC-JDA, 2011 WL 7445488, at *5, 2011 U.S. Dist Lexis 153794 (D.S.C. Oct. 28, 2011) ("Plaintiff's failure to even attempt to obtain and produce the requested documents is inexcusable and could subject Plaintiff's case to dismissal"), *adopted at* 2012 U.S. Dist. LEXIS 27953 (D.S.C. Mar. 2, 2012); *see also AngioDynamics, Inc.*, 991 F. Supp. 2d at 292 (Defendant's outright refusal to comply with discovery order constitutes bad faith regardless of party's fear of criminal prosecution).

The Court also notes other indicia of bad faith by Güven in this litigation including the "about-face" that Güven took during the discovery process whereby, as noted by the Magistrate Judge in the June 18 Order, his "responses went from indicating any available documents could be reviewed at Konfida's offices to taking that option away and indicating Turkish law, and the decision of Defendant's business partner, made these documents unavailable for Defendant to provide." The Magistrate Judge correctly noted that Güven "changed position regarding whether he would provide certain information and why or why not." In addition, Güven requested a twenty day extension for producing the discovery required by the June 18 Order after the time

for production had already expired and then failed to produce the required discovery in compliance with the extension he requested.

Güven's refusal to obey this Court's Orders constitutes bad faith.  This factor supports the conclusion that a default judgment is warranted.

### 2.    Prejudice to Sonoco.

The amount of prejudice to the opposing party necessarily involves an analysis of the materiality of the information not produced.  *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92. The documents and information Güven has been ordered to produce are highly relevant to liability and damage calculations in this case.

There can be no reasonable argument that the discovery sought by Sonoco is highly relevant to the claims and defenses in this case, as it has already been determined and well-documented in the June 18 and August 19 Orders.  First, as to liability, the discovery ordered to be produced relates to when Güven and his company, Konfida, began efforts to compete with Sonoco, which is directly relevant to Sonoco's breach of duty of loyalty claim under South Carolina law.  Additionally, the Konfida information is relevant to Sonoco showing Güven's disclosure and/or use of trade secrets and Sonoco information.  Courts routinely rely on the timing and extent of revenues and sales as evidence of misappropriation of trade secrets.  *See, e.g.*, *Sunbelt Rentals, Inc. v. Head and Engquist Equip., LLC*, 620 S.E.2d 222, 229 (N.C. App. 2005) (holding that the occurrence of the new company's significant profit and concurrent decrease in plaintiff's business "alone is circumstantial evidence of the defendants' use and disclosure of [plaintiff's] trade secret information."); *Philips Elecs. N. Am. Corp. v. Hope*, 631 F. Supp. 2d 705 (M.D.N.C 2009) ("Courts have found misappropriation where a former employee . . . helped a competitor quickly deliver new products to market."); *Static Control Components, Inc. v. Darkprint Imaging, Inc.*, 200 F. Supp. 2d 541, 545-46 (M.D.N.C. 2002); *see*

*also Servo Corporation of America v. General Electric Company*, 337 F. 2d 716, 723 (4th Cir. 1964).

Second, as to damages, the discovery ordered to be produced is highly relevant to Sonoco's calculation of unjust enrichment or reasonable royalty damages under section 39-8-40 of the South Carolina Trade Secrets Act. Sonoco has identified a damages expert, Brian W. Napper, to offer an opinion as to its damages, and Mr. Napper states that the information requested regarding Konfida is significant to provide damages calculations on unjust enrichment and a reasonable royalty. Mr. Napper's list of factors to make a reasonable royalty calculation includes sales, revenue, and vendor/supplier information that Sonoco has sought and Güven has refused to produce. Moreover, courts in the District of South Carolina have held that sales and revenue information is the fundamental information needed to calculate unjust enrichment damages. *See, e.g.*, *Uhlig, LLC v. Shirley*, C.A. No. 6:08–cv–01208–JMC, 2012 WL 2923242, at *13, 2012 U.S. Dist. LEXIS 99387 *42 (D.S.C. July 17, 2012). Consequently, the sales and expense records are clearly relevant for Sonoco to prove unjust enrichment and reasonable royalty.

Güven's failure to produce the documents and information in compliance with the June 18 Order has cut off a significant source of proof going to the heart of this litigation and prejudiced the ability of Sonoco to prepare its case for trial. Further, Güven's refusal to produce the requested information in a timely manner "has caused unnecessary expense, annoyance, and delay," and required Sonoco to expend significant time and energy in an effort to obtain documents it first requested in December 2012. *PVD Plast Mould Indus. Inc. v. Polymer Group Inc.*, C.A. No. 2:98-2929-3, 2001 WL 1867801, at *11, 2001 U.S. Dist. LEXIS 23804, *37 (D.S.C. Feb. 1, 2001). Sonoco tried for more than a year and a half to gain the requested information and documents.

Accordingly, the Court finds that Sonoco has suffered significant prejudice, and that this factor supports the conclusion that a default judgment is warranted.

### 3.     Need for Deterrence.

Sanctions, including the sanction of default judgment, exist to penalize non-compliance and deter future conduct. *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) ("the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."). "Any litigant's disregard for court orders that require disclosure of information directly related to claims and damages is behavior that must be deterred." *PVD Plast Mould Indus. Inc.*, 2001 WL 1867801, at *12, 2001 U.S. Dist. LEXIS 23804, at *39. "'In such cases, not only does the noncomplying party jeopardize [the] adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct.'" *Id.* (quoting *Mutual Fed. Sav. & Loan Ass'n*, 872 F.2d at 93).

Here, Güven has refused to comply with two Orders of this Court compelling him to produce this information. He has disregarded two deadlines set by this Court for producing the required discovery and has indicated that he has no intention of producing the information. This conduct must be deterred. Without the sanction of default judgment, "judicial resources and authority becomes worthless." *See id.* The deterrence factor supports the granting of a default judgment here.

### 4.     Effectiveness of Less Drastic Sanctions.

Güven has made it clear that he has no intention of producing the discovery that he has been ordered to produce. He has not proposed any lesser sanction that would encourage, or even

15

have the possibility of encouraging, his compliance with the June 18 and August 19 Orders. At the October 20 hearing, Defense Counsel suggested that the Court issue a warning that a default judgment may be granted. However, Defense Counsel did not suggest that a warning would have any effect on Güven, or have any chance of causing Güven to comply with the June 18 and August 19 Orders. In any event, the Court has effectively already issued a warning. Sonoco initially filed its Motion for Sanctions (ECF No. 92) requesting a default judgment on August 14, 2014 and the Court specifically stated in its August 21, 2014 Text Order (ECF No. 96) denying the Motion that "[s]hould Defendant fail to comply with the requirements of the Magistrate Judge's order granting Plaintiff's motion to compel by the September 8, 2014 deadline . . . Plaintiff may renew the motion for sanctions." Despite this notice, Güven failed to produce the information by the Court's September 8 deadline and has indicated that he has no intent of complying with the Court's Orders. *See Young Again Prods.*, 459 Fed. Appx at 303 (affirming sanction of default judgment where "lesser sanctions would be futile."); *see also Crump*, 2012 WL 2072762, at *2, 2012 U.S. Dist. LEXIS 80112, at *7 ("it does not appear that a sanction less severe than dismissal would be either effective or appropriate, because Plaintiff has already shown that she will not comply with instructions or requirements placed upon her despite orders from the Court to do so."). Moreover, Sonoco's Renewed Motion for Sanctions has been pending for well over a month and Güven has done nothing to cure his non-compliance with the June 18 and August 19 Orders. The Court finds that any warnings at this point would be futile.

Monetary sanctions will not compel compliance, penalize Güven, or deter future litigants from disregarding court orders. Since Güven already owes his own lawyer over $100,000 in unpaid fees, monetary sanctions would likely have no effect. *See Clarke v. Whitney*, 169 F.R.D. 623, 626-27 (E.D. Pa. 1996) (finding that entry of default is "the only appropriate response" to the defendant's failure to comply with two discovery orders since an award of attorney fees

would "likely be ineffectual given [the defendant's] failure to pay her own counsel"); *Jackson v. Murphy*, 468 Fed. Appx. 616, 619 (7th Cir. March 7, 2012) (affirming dismissal of the plaintiff's action as a sanction and finding that "because [the plaintiff] proceeded in forma pauperis, a monetary sanction would have no effect on him"). If the Court awarded monetary sanctions, such as a per diem fine, the record suggests Güven will not pay those sanctions and the litigation will be in the same spot that it currently stands, only later in time. If anything, this delay would probably only benefit Güven and further prejudice Sonoco. In a very real sense, Güven has left this Court no other option.

### B.     Sonoco's Expenses and Attorney's Fees Caused by Non-Compliance.

Sonoco has requested an award of costs and attorney's fees that it incurred in preparing and arguing the Motion for Sanctions. Federal Rule of Civil Procedure 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a court order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Court finds that Güven's disobedience with the June 18 and August 19 Orders is not substantially justified and there are no other circumstances that make an award of expenses unjust. Consequently, Sonoco is entitled to an award of reasonable expenses, including attorney's fees and costs, caused by Güven's failure to comply with the Court's June 18 and August 19 Orders.

Sonoco has submitted its affidavit regarding the amount of fees incurred (ECF No. 122). Güven has thirty (30) days from the date of this Order to submit written objections to the amount of fees requested. Alternatively, Güven may present any objections to the amount of attorney's fees at the damages hearing on Sonoco's default judgment. The Court will address the amount of expenses and attorney's fees at or after the damages hearing.

### III.     Defense Counsel's Motion to Withdraw as Counsel.

At the end of the October 20, 2014 hearing, Defense Counsel renewed his request to withdraw as counsel for Güven. Counsel for Sonoco consented to the request that Defense Counsel be allowed to withdraw on the condition that the Court enter an order setting forth the mailing address of Güven that shall function as the presumptive address in terms of serving documents upon Güven. Sonoco also requested that the Court find Sonoco shall not be required to translate any future pleadings, orders, notices, or other documents into Turkish since Güven is fluent in English. Defense Counsel did not object to these conditions. The Court finds these requests are reasonable and accordingly grants Defense Counsel's Motion to Withdraw as Counsel. Defense Counsel is relieved and discharged from any further obligations to act as counsel for Güven in this matter.

The Court finds that Güven's mailing address, to which documents and papers shall be served, is as follows:

> Levent Güven
> Nilufer Hatun Cad. Anitsal Sitesi Inci Blok D2
> Bursa, Turkey

This address has been presented to the Court by the Güven as his mailing address (*see* ECF No. 98-1), and it will be presumed to be valid for purposes of serving all further pleadings, orders, notices, or other documents in this lawsuit. This address can be changed by Güven only by filing with the Court and serving on Sonoco's South Carolina counsel a written notice that Güven's address has changed to a new address, which shall be provided on the written notice.

In addition, the Court finds that Güven is fluent in English and, therefore, there is no need to translate into Turkish any pleadings, orders, notices, or other documents that are to be served upon Güven going forward in this litigation.

## **CONCLUSION**

NOW, THEREFORE, IT IS HEREBY

ORDERED that Plaintiff's Renewed Motion for Sanctions (ECF No. 100) is GRANTED. The following sanctions are hereby imposed upon Güven pursuant to Fed. R. Civ. P. 37(b)(2):

1) Güven's Answer is stricken and a default judgment is entered against Güven on all liability issues. All the allegations made by Plaintiff in its Complaint are hereby deemed admitted by Güven, and a hearing shall proceed to determine the damages sustained and recoverable by Plaintiff;

2) Güven shall pay Plaintiff its reasonable attorney's fees and expenses incurred by Güven's failure to comply with the Court's June 18 and August 19 Orders. The amount of attorney's fees and expenses will be determined by the Court at or after the damages hearing.

IT IS FURTHER ORDERED, for the foregoing reasons, that Defense Counsel's Motion to Withdraw as Counsel (ECF No.98) is GRANTED subject to the conditions specified above.

IT IS SO ORDERED.

                                                    /s/Bruce Howe Hendricks
                                                    United States District Judge

October 30, 2014
Florence, South Carolina